LEWIS T. BRYANT, COMMISSIONER OF LABOR OF THE
STATE OF NEW JERSEY, APPELLEE, v. SKILLMAN
HARDWARE COMPANY, APPELLANT.

Argued November 7, 1907—Decided March 2, 1908.

1. An act approved March 24th, 1904, entitled "An act regulating
   the age, employment, safety, health and work hours of persons,
   employes and operatives in factories, workshops, mills and all
   places where the manufacture of goods of any kind is carried on,
   and to establish a department for the enforcement thereof," com-
   monly known as the Child Labor law, is constitutional.
2. An action brought by a state official by virtue of his office under
   the provision of this act for the penalty for the violation of its
   first section is not within the provisions of section 219 of the
   Practice act (*Pamph. L.* 1903, *p.* 594) touching suits instituted
   by an informer.

On appeal from the District Court of the city of Trenton.

Before Justices GARRISON and REED.

For the appellant, *Ellery Robbins.*

For the appellee, *Josiah Stryker* and *Robert H. McCarter,*
attorney-general.

The opinion of the court was delivered by

GARRISON, J. This action was brought to recover a penalty
of $50 for the violation of section 1 of an act entitled "An
act regulating the age, employment, safety, health and work
hours of persons, employes and operatives in factories, work-
shops, mills and all places where the manufacture of goods of
any kind is carried on, and to establish a department for the
enforcement thereof," approved March 24th, 1904, which sec-
tion prohibits the employment, in any of the enumerated
places, of any child under the age of fourteen years. At the
trial, which resulted in a judgment for the plaintiff, the de-
fendant moved to dismiss the proceedings upon the ground

that the summons issued therein was not endorsed in accordance with the provisions of section 219 of the revised Practice act (*Pamph. L.* 1903, *p.* 594), which motion the court denied.

The section of the Practice act cited, as well as the four sections which immediately follow it in our present Practice act, were originally passed on February 22d, 1799, under the title of "An act relative to suits instituted by common informers." *Pat. L., p.* 349. This act may also be found under the above title in *Nixon's Digest, p.* 748, and, with slight changes, as a part of the Practice act in *Revised Statutes, p.* 888.

The operation of this act, as originally passed, was therefore limited to the object expressed in its title, namely, to actions brought by common informers, and the original act makes it very plain that by the word "informer," as used therein, is meant "common informer," viz., "one who, without being specially required by law or by virtue of his office, gives information of crimes, offences or misdemeanors which have been committed, in order to prosecute the offender." *Bouv. Dict.*

Upon the doctrine adopted by the Court of Errors and Appeals in the case of *Fries* v. *Hendrickson,* 16 *Vroom* 555, the provision in question should be construed, with respect to the limitation impressed upon it, by its original title, notwithstanding its subsequent re-enactment as part of the Practice act. *O'Hara* v. *National Biscuit Co.,* 40 *Id.* 198.

Such construction accords with section 7 of the Common Informer act, which, with slight changes, forms the two hundred and twenty-third section of our present Practice act, viz.: "This act shall not extend to any certain person, body politic or corporate, to whom or to whose use any forfeiture, penalty or suit is or shall be specially limited or granted by any statute, but that every such certain person, body politic or corporate, may in such case sue, prosecute or inform as he or they might have done if this act had not been made."

We think that an action brought, as the present action is, by a state official, by virtue of his office, is not within the provision of section 219 of the Practice act, and hence that

the District Court did not err in its denial of the motion to quash the writ of summons.

Upon the legal merits of the controversy, counsel for the appellant attacks the statute under consideration upon several constitutional grounds, which will be considered in the order in which they stand in his brief.

A preliminary ground for reversal is "that the alleged violation of the act in question is not within the spirit of the act." The contention made under this head is based upon the proposition that "the spirit, object and intention of this legislation is the promotion and advancement of education," and the argument is contained in the following interrogation: "How can the employment of a boy during vacation, who regularly attends school, be a breach within the spirit of the act?"

The plenary answer to this contention is that the object of the statute in question is, not the advancement of education, but the promotion of the health, welfare and safety of the persons to whom it applies, and that the circumstance that a minor person within its provisions attends school while otherwise employed in violation of the act, instead of avoiding the act is a peculiarly obnoxious instance of its violation.

The first constitutional ground of attack upon the statute is that it violates section 1 of article 1 of the state constitution, which is in these words: "All men are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and of pursuing and obtaining safety and happiness."

The argument advanced under this point nullifies the words "all men" in the section just quoted by making them mean "all minors," and ignores the entire mass of legislation and judicial decision that has grown up upon the practically unquestioned assumption that minors are not men, and that until they become men they are, as regards legislation aimed at their welfare and protection, wards of the state.

The citation of a few of the cases referred to in the very instructive brief of counsel for the appellee will amply illus-

trate the nature and extent of the state guardianship of infants. *Commonwealth* v. *Hamilton,* 120 *Mass.* 383; *Commonwealth* v. *Beatty,* 15 *Pa. Sup. Ct.* 5; *Holden* v. *Hardy,* 169 *U. S.* 366; *Tiedeman's Police Power,* § 86; *People* v. *Ewer,* 141 *N. Y.* 129; *City of New York* v. *Chelsea Jute Mills,* 88 *N. Y. Sup. Ct.* 1085; *Fitzgerald* v. *Alma Furniture Co.,* 131 *N. C.* 636.

From which last-cited case may profitably be extracted a summary showing how universal is legislation of the sort now attacked.

"It is illegal to employ any child in a factory under fifteen years of age in Florida, Rhode Island, Washington and Switzerland; or under fourteen years of age in Colorado, Connecticut, Illinois, Indiana, Massachusetts, Michigan, Minnesota, Nebraska, New Hampshire, New York, Oklahoma, South Dakota, Tennessee, Vermont, Wisconsin, Wyoming, New South Wales, New Zealand, Ontario, Queensland and Sweden. In Manitoba it is illegal to employ children in any factory under sixteen years of age; in Ohio it is illegal to employ in a factory girls under sixteen and boys under fifteen; in Louisiana, New Jersey and Quebec the age limit is, girls, fourteen; boys, twelve. In Pennsylvania, France, Germany and South Australia the age limit is thirteen. In the following it is illegal to employ children in any factory under twelve years of age: California, Maine, Maryland, North Dakota, Austria, Belgium, Denmark, Great Britain, Holland, Norway and Russia. During the present year Kentucky, Maryland, and perhaps others, have enacted similar laws, making under fourteen years the limit, and Virginia has adopted the twelve-year limit. In Porto Rico children under sixteen are prohibited by law from working in factories more than six hours in twenty-four, and in Great Britain children under fourteen years can work only seven hours per day, and all under twenty-one are prohibited night work."

The contention for which the appellant argues is without legal merit.

The next ground of attack is that the statute contains provisions touching objects that are not expressed in its title. It

is not pretended that the provision with which we have to do is not so expressed, and the matters to which our attention is directed, as obnoxious to the criticism thus advanced, are of such a severable nature that their excision would not affect the main objects of the act. *Rader* v. *Union,* 10 *Vroom* 509; *Van Riper* v. *North Plainfield,* 14 *Id.* 349; *Bumsted* v. *Govern,* 18 *Id.* 368; *Evernham* v. *Hulit,* 16 *Id.* 53; *McArdle* v. *Jersey City,* 37 *Id.* 590; *Johnson* v. *State,* 30 *Id.* 535.

The claim that the act is special or private may be passed without discussion in view of what has been already said, as also may the contention that the statute abridges the privileges of citizens of the United States. Upon this latter point the opinion of Mr. Justice Miller in the Slaughter House cases (16 *Wall.* 36) is directly pertinent, as also is that of Mr. Justice Fort in a recent case in this court. *State* v. *Davis,* 43 *Vroom* 345, 350. See, also, *Maxwell* v. *Don,* 176 *U. S.* 581; *People* v. *Warden,* 144 *N. Y.* 529; *Powell* v. *Pennsylvania,* 127 *U. S.* 678; *Mugler* v. *Kansas,* 123 *Id.* 623; *Minneapolis Railway Co.* v. *Beckwith,* 129 *Id.* 26; *Jones* v. *Brim,* 165 *Id.* 180; *Knoxville Iron Co.* v. *Harbison,* 183 *Id.* 13; *St. Louis Iron Mountain Railway Co.* v. *Paul,* 173 *Id.* 404; *Atchison, Topeka, &c., Railroad* v. *Matthews,* 174 *Id.* 96; *Orient Insurance Co.* v. *Daggs,* 172 *Id.* 557; *Ex parte Smith,* 38 *Cal.* 702, and other cases cited in 22 *Am. & Eng. Encycl. L.* 918 *et seq.,* 937 *et seq.*

The principles illustrated by and embodied in the decision thus cited touching the police power and the guardianship of dependent classes of persons fully dispose of the last point made by counsel, viz., that the "equal protection of the law" is denied by the statute under review. To which may be also added the discussion of police powers in the opinion delivered in *Hopper* v. *Stack,* 40 *Vroom* 562 (Primary Election law); and the application of such powers made in *Meehan* v. *Excise Commissioners,* 44 *Id.* 382 (Bishop's law).

Finding no constitutional infirmity in the statute under which the present conviction was had, the judgment brought up by this appeal is affirmed.