# Inland Steel Company *v.* Yedinak, by Next Friend.

[No. 21,376.   Filed February 23, 1909.   Rehearing denied June 3, 1909.]

1. Pleading.—*Complaint.—Master and Servant.—Infants.—Ages.— Hours of Labor.—Factory Act.—*A complaint showing that an iron and steel manufacturing company employed plaintiff, who was thirteen years old, and caused him to work a number of hours in excess of the statutory limit, and that by reason thereof he was injured, states a cause of action under sections one and two of the factory act (Acts 1899, p. 231, §§8021, 8022 Burns 1908), prohibiting the employment of children under fourteen years old in factories, and prohibiting factory owners from permitting boys under sixteen years old from working more than 60 hours in a week.   pp. 427, 429.

2. Pleading.—*Answer.—Contributory Negligence.—*In actions for personal injuries, contributory negligence constitutes an affirmative defense, which need not be negatived in the complaint (§362 Burns 1908, Acts 1899, p. 58).   p. 427.

3. Master and Servant.—*Assumption of Risk.—Violation of Statute.—*The principle of assumed risk does not apply in an action for personal injuries caused by the master's violation of a statute. p. 427.

4. Pleading.— *Complaint.— Master and Servant.— Contributory Negligence.—Factory Act.—Infants.—*A complaint alleging that the plaintiff, thirteen years old, was employed in defendant's factory, that he had labored twelve hours per day during the week, that he was exhausted and while waiting for his work to begin, sat down at a place which was not ordinarily hazardous, that he fell asleep and the defendant, contrary to custom, and without plaintiff's knowledge, ran a car along where plaintiff was sitting, crushing his foot, does not show contributory negligence. p. 428.

5. Master and Servant.—*Infants.—Excessive Hours of Service.— Statutes.—*Under section one of the factory act (Acts 1899, p. 231, §8021 Burns 1908), the employment, by a factory owner, of a boy thirteen years old and the requirement from him of twelve hours of labor per day, constitute a breach of duty to such boy and to the State.   p. 428.

6. Negligence.—*Proximate Cause.—Violation of Factory Act.—*A violation of section one of the factory act (Acts 1899, p. 231, §8021 Burns 1908) constitutes negligence *per se,* but, in order to consti-

tute a cause of action for damages, such violation must be the proximate cause of the injuries sustained. p. 428.

7. MASTER AND SERVANT.—*Employing Infants.—Statutes.—Assumption of Risk.—Contributory Negligence.*—A boy thirteen years old, employed in a factory and injured therein in the line of duty, has a right of action against his employer, under §8022 Burns 1908, Acts 1899, p. 231, §2, forbidding factory owners from employing boys under fourteen years old; and the boy's, or his mother's, misrepresentation of his age does not relieve such employer, nor can the boy be chargeable with assumption of the risk or with contributory negligence. pp. 430, 437.

8. NEGLIGENCE.—*Proximate Cause.—Factory Act.—Employing Boy.*—A factory owner is liable to a boy under fourteen years old for injuries received, only where they were received while in, and because of, the performance of the master's service. p. 432.

9. CONSTITUTIONAL LAW.—*Contracts.—Impairment.—Factory Act.*—The factory act (Acts 1899, p. 231, §8021 *et seq.* Burns 1908) does not impair the obligation of any contract not in existence at the time of its passage. p. 432.

10. CONSTITUTIONAL LAW.—*Fifth Amendment to Federal Constitution.*—The 5th amendment to the federal Constitution operates exclusively in restriction of federal power. p. 433.

11. CONSTITUTIONAL LAW.—*Fourteenth Amendment.—To Whom Applicable.—Corporations.*—The 14th amendment to the federal Constitution, in guaranteeing equal privileges and immunities to citizens, does not apply to corporations. p. 433.

12. CONSTITUTIONAL LAW.—*Fourteenth Amendment.—Due Process.—Police Power.—Factory Acts.*—The 14th amendment to the federal Constitution, guaranteeing due process of law, does not prevent the states from passing laws prohibiting the employment of children under fourteen years old in factories, nor prohibit the states from prescribing maximum hours of labor for older children. p. 433.

13. CONSTITUTIONAL LAW.—*Class Legislation.—Factory Act.*—The factory act (Acts 1899, p. 231, §8021 *et seq.* Burns 1908), prohibiting the employment of children under fourteen years old in factories, and prescribing the maximum hours of labor for older children, is not invalid as class legislation. p. 436.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by John Yedinak, by his next friend, against the Inland Steel Company. From a judgment for the plaintiff for $2,000, defendant appeals. Transferred from the Appellate Court (see 42 Ind. App. 629) under §1397 Burns 1908, Acts 1901, p. 565, §13. *Affirmed.*

*William J. Whinery* and *John B. Peterson,* for appellant.
*F. N. Gavit* and *J. E. Westfall,* for appellee.

MONTGOMERY, J.—Appellee recovered judgment against appellant on account of personal injuries sustained while in its employ. Appellant charges the trial court with error in overruling its demurrer to each paragraph of the complaint, and in overruling motions for judgment on the answers of the jury to special interrogatories notwithstanding the general verdict, and for a new trial. The complaint is in two paragraphs, the first of which alleged substantially the following facts: Appellant was, at and before the time of the happening of the grievances complained of, a corporation engaged in the manufacture of iron and steel. Appellee was a minor under the age of sixteen years, was employed by appellant in its rolling-mill, and was required to work for twelve hours each night for six nights in each week. For more than a week prior to the time of receiving his injuries he had been compelled to and did work, under his employment, fourteen hours each night, but was not required so to work for the purpose of making a shorter day's work on the last day of the week. Under his employment appellee was required to and did open and hold open the doors of certain furnaces, while iron was being placed therein or taken therefrom, when requested so to do by appellant or by workmen whose duty it was to perform such work. Iron was so placed in said furnaces every half hour, and during the intervals appellee had no duty to perform except to wait in said mill, and be ready to open and hold such doors when so directed. Appellant furnished appellee no place in which to wait when not actively engaged, but directed him to wait in said rolling-mill. At 5 o'clock p. m. on October 5, 1903, appellee went to work, and was required to and did remain continuously at his said work until 4 o'clock a. m. of the following day, and was then in the performance of said work under his employment. He was then but thirteen years of

age, and became weary and exhausted from exertion and loss of sleep, caused by his continuous work in his said employment, and, having no duty to perform except to wait in attendance, sat down upon an iron door in said mill, four feet distant from and elevated two feet above, a certain railroad track used by appellant to convey iron in cars to said furnaces, and for no other purpose. It was then the rule and custom of appellant to run no cars over said track after 1 o'clock a. m. of any day until after the iron then in the furnaces was removed therefrom, and appellee knew of such rule and custom at the time he sat down, as stated. Iron had been placed in said furnaces after 1 o'clock a. m. of October 6, 1903, and was still therein when appellee sat down near said track. No iron had been removed from such furnaces after 1 o'clock a. m. of said day, and none could be removed therefrom until appellee should assist in removing the same, as he well knew. Appellee had not been instructed nor notified as to any danger in sitting near said track, and, by reason of his youth, inexperience, exhaustion and sleepiness, he was incapable of appreciating any danger therefrom. Upon sitting down upon said iron door, because of such exhaustion and sleepiness, he immediately and involuntarily fell asleep and became unconscious, and while so asleep his foot and leg were involuntarily placed upon the rail of said track, and while so on said track, and before the iron in said furnaces had been removed therefrom, appellant caused a car loaded with iron to be moved along said track, over said rail and over appellee's foot and leg, thereby crushing the bones, muscles and flesh thereof and producing the injuries of which he complains. The second paragraph of complaint alleges the same general facts, and alleges as the basis of the actionable negligence, that appellant wrongfully employed appellee when under fourteen years of age to work in said rolling-mill, and carelessly and negligently continued him in said employment until he was injured.

The first paragraph of this complaint is founded upon

§8021 Burns 1908, Acts 1899, p. 231, §1, which prohibits the employment of a person under sixteen years of age in a manufacturing establishment for more than sixty hours in any one week, or for more than ten hours in any one day, except for the purpose of making a shorter day of the last day of the week. The second paragraph is based upon §8022 Burns 1908, Acts 1899, p. 231, §2, which forbids the employment of a child under fourteen years of age in any manufacturing establishment within this State. The violation of these statutes is made a misdemeanor, punishable by fine, or fine and imprisonment for repeated offenses. §8045 Burns 1908, Acts 1899, p. 231, §25. Appellant's counsel contend that neither paragraph of complaint alleges facts sufficient to bring appellee within the provisions of the statutes cited, nor shows freedom from fault or nonassumption of the risk on the part of appellee, nor the neglect of any duty owing to him by appellant, nor causal connection between the negligence charged and the injury of which complaint is made.

1. It is averred that appellant was engaged in the manufacture of iron and steel in this State, that appellee was under fourteen years of age, and that appellant employed him in its mill at an age prohibited, and required him to work a number of hours in excess of the maximum limit fixed by law. These allegations are clearly sufficient to show a violation of the terms of the statutes cited, and to make a case of negligence *per se* against appellant. *Nickey* v. *Steuder* (1905), 164 Ind. 189.

2. In actions for personal injury caused by negligence, the plaintiff's contributory fault constitutes an affirmative defense, which the complaint need not disavow. §362 Burns 1908, Acts 1899, p. 58.

3. It is also well settled that a master may not rightfully invoke the principle of assumed risk to defeat an action for injuries caused by his violation of a specific statutory mandate or prohibition. *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319; *Monteith* v.

*Kokomo, etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944; *Island Coal Co.* v. *Swaggerty* (1903), 159 Ind. 664; *Green* v. *American Car, etc., Co.* (1904), 163 Ind. 135; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Robertson* v. *Ford* (1905), 164 Ind. 538; *Bessler* v. *Laughlin* (1907), 168 Ind. 38.

The complaint clearly shows that the position assumed by appellee immediately before falling asleep was not ordinarily hazardous, nor, in the usual and customary conduct of affairs, could any danger from a moving car have threatened him without his previous knowledge. It is averred that he had no notice or warning of peril in that position, and that his youth and the exhausted condition of his body and mind, brought on by overwork, precluded appreciation of the danger which overtook him. In our opinion, the special facts alleged do not subject appellee to the charge of contributory negligence.

The suggestion, that no neglected duty owing by appellant to appellee is shown, requires but little comment. If this complaint is true, appellant violated a duty, not only owing to appellee but to the State, by employing a child of tender years, subjecting him to excessive labor, and running one of its cars at an unusual time, without notice or warning, so as to inflict injury upon his person when he was asleep and not conscious of the impending danger.

Appellant's insistence that a causal connection must be shown between the negligence charged and the injury complained of, is undeniably true. A violation of these penal statutes constitutes negligence *per se,* but to make such negligence actionable it must be a proximate cause of the injury for which the action is brought. *Nickey* v. *Steuder* (1905), 164 Ind. 189; *Payne* v. *Chicago, etc., R. Co.* (1895), 129 Mo. 405, 31 S. W. 885; *Bluedorm* v. *Missouri Pac. R. Co.* (1894), 121 Mo. 258, 25 S. W. 943; *Mathiason* v. *Mayer* (1886), 90 Mo. 585, 2 S. W. 834; *Lin-*

*coln Traction Co.* v. *Heller* (1904), 72 Neb. 127, 100 N. W. 197, 102 N. W. 262; *Omaha St. R. Co.* v. *Duvall* (1894), 40 Neb. 29, 58 N. W. 531; *Wise & Co.* v. *Morgan* (1898), 101 Tenn. 273, 48 S. W. 971, 44 L. R. A. 458; *Seibert* v. *McManus & Long* (1900), 104 La. 404, 29 South. 108; *Kyne* v. *Wilmington, etc., R. Co.* (1888), 8 Houst. 185, 14 Atl. 922; *Gibson* v. *Leonard* (1892), 143 Ill. 182, 32 N. E. 182, 36 Am. St. 376, 17 L. R. A. 588.

Appellant is charged, in the first paragraph of complaint, with the employment of a child to work in its mill, and with having subjected him to excessive labor, in violation of a penal statute. The mere performance of hard labor by an adult could rarely become the proximate cause of an actionable injury to himself, but would ordinarily constitute only the antecedent condition or occasion of the incurrence of any injury sustained. A different principle obtains when a child is employed and required to toil contrary to a positive law. The statute upon which this paragraph is founded was designed to protect children against the hardships and perils resulting from overexertion. A cardinal rule of law requires a master to give a young and inexperienced servant such instruction and caution regarding the dangers of his employment as are reasonably calculated to enable him to avoid injury. This duty becomes imperative and inflexible when such servant is forbidden by law to assume the hazards to which he is exposed. An employe has a right to rely upon the continued observance of proper and customary methods of conducting a particular business, and a slight departure therefrom might not constitute actionable negligence in favor of an adult in possession of all his faculties. A different case is presented when such deviation from custom results in injury to an uninstructed child overworked in violation of statute. The unlawful overtaxing of appellee, as charged in the first paragraph, imposed upon appellant an exceptional responsibility, and required it to anticiate the happening of some such acci-

dent as did befall appellee, and to give warning and take precaution commensurate with the danger to be apprehended. Appellant, as alleged in this paragraph, employed a child under protection of the law, who in no case should have been admitted to undertake such service, and caused him to work at night for excessive hours until his endurance was overmastered, when, yielding to the inexorable demands of nature, he fell asleep, and unconsciously suffered his foot to be crushed under the wheels of a car operated at an unusual hour without notice or warning. We must assume, in this connection, that facts well pleaded are true, and upon this assumption our holding is that a cause of action is stated in this paragraph of complaint.

The second paragraph of complaint, as before shown, charges that appellant employed and caused appellee to work in its factory when he was under fourteen years of age, in violation of a statute forbidding such employment. This legislative interdiction, in effect, declares that children within the prohibited age are not possessed of that judgment, discretion and care requisite and necessary for their own safety while engaged in a hazardous vocation. Appellant is chargeable with knowledge of the legal disabilities of children to engage in its service, and must ascertain at its peril that a boy employed in the operations of its factory, which has been classified by the legislature as dangerous, is of the required age. The doing of a thing prohibited or the failure to do an act commanded by statute constitutes negligence *per se*, the natural consequence of which the master cannot escape on the ground that the employe knew of such disobedience and assumed the risk of injury. This rule of law has been declared most frequently in considering claims for injury resulting from the master's use of some appliance forbidden, or failure to use some safety device required, by statute, where the injured servant was lawfully employed. The employment in this case was

wholly unlawful, and appellant by employing and retaining appellee in its business while within the prohibited age did so at its own risk; and, it appearing from the facts alleged that appellee was injured while engaged in the performance of forbidden duties in the line of his employment, appellant must be held liable for the injuries thus sustained. The employer of a child in violation of a specific statute cannot screen itself from liability for an injury sustained by the child in its service, because the injury was occasioned through such negligence, imprudence or childish traits as gave rise to the statute. It follows, therefore, that if appellee was employed and injured, as alleged in the second paragraph of complaint, under the law he cannot be chargeable either with having assumed any risks of the employment or with negligence contributing to his injury. *Marino* v. *Lehmaier* (1903), 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811; *Lowry* v. *Anderson Co.* (1904), 96 Hun, App. Div., 465, 89 N. Y. Supp. 107; *Iron, etc., Co.* v. *Green* (1901), 108 Tenn. 161, 65 S. W. 399; *Queen* v. *Dayton Coal, etc., Co.* (1895), 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82, 49 Am. St. 935; *Morris* v. *Stanfield* (1899), 81 Ill. App. 264; *Marquette, etc., Coal Co.* v. *Dielie* (1903), 110 Ill. App. 684; *American Car, etc., Co.* v. *Armentraut* (1905), 214 Ill. 509, 73 N. E. 766; *Perry* v. *Tozer* (1903), 90 Minn. 431, 97 N. W. 137, 101 Am. St. 416; *Bromberg* v. *Evans Laundry Co.* (1907), 134 Iowa 38, 111 N. W. 417; *Nairn* v. *National Biscuit Co.* (1906), 120 Mo. App. 144, 96 S. W. 679; *Lenahan* v. *Pittston Coal, etc., Co.* (1907), 218 Pa. St. 311, 67 Atl. 642, 12 L. R. A. (N. S.) 461, 120 Am. St. 885; *Stehle* v. *Jaeger, etc., Mach. Co.* (1908), 220 Pa. St. 617, 69 Atl. 1116; *Sullivan* v. *Hanover Cordage Co.* (1908), 222 Pa. St. 40, 70 Atl. 909; *Sipes* v. *Michigan Starch Co.* (1904), 137 Mich. 258, 100 N. W. 447; *Leathers* v. *Blackwell, etc., Tobacco Co.* (1907), 144 N. C. 330, 57 S. E. 11, 9 L. R. A. (N. S.) 349; *Rolin* v. *R. J. Reynolds Tobacco Co.* (1906), 141 N. C. 300, 53 S. E. 891, 7 L. R. A. (N. S.) 335.

A causal connection between the unlawful employment and the injury of which complaint is made must be shown. If the child should die of some organic disease, or be injured by a stroke of lightning, or other intervening act beyond the master's control, and not reasonably to be foreseen and anticipated, the master could not be held liable. *Nickey* v. *Steuder, supra.*

8.

The State has said in positive terms that employers must not take children under fourteen years of age into the service of their factories and subject them to the danger of being mangled or killed by machines propelled by the powerful agencies of steam or electricity. This mandate, it is alleged, appellant disobeyed, and appellee was injured in the mill and by the agencies against which the law sought to protect him. The connection between the unlawful employment and the injury in this case is as direct as cause and effect, and brings appellant within the operation of the statute, and a cause of action is stated, unless the statute itself is invalid. *Starnes* v. *Albion Mfg. Co.* (1908), 147 N. C. 556, 61 S. E. 525; *American Car, etc., Co.* v. *Armentraut, supra; Morris* v. *Stanfield, supra; Iron, etc., Wire Co.* v. *Green, supra.*

Appellant's counsel next contend that both paragraphs of complaint are insufficient, for the reason that the statutes upon which they are founded (§§8021, 8022 Burns 1908, Acts 1899, p. 231, §§1, ·2) are unconstitutional and void. It is argued that article 1, §10, of the Constitution of the United States, and article 1, §24, of the Constitution of this State, which prohibit the passage of a law impairing the obligation of contracts, are infringed. These constitutional restrictions were manifestly intended to prohibit the enactment of laws impairing such valid contracts only as shall be in existence and outstanding at the time of the adoption of the law. These statutes were in force long prior to the making of any contract involved in this action, and the constitutional provisions cited have no application to this controversy.

9.

It is stated that the 5th amendment to the federal Constitution, which declares that no person shall be deprived of liberty or property without due process of law, is also violated. This amendment operates exclusively in restriction of federal power, and has no application to the several states. *Thorington* v. *Montgomery* (1893), 147 U. S. 490, 13 Sup. Ct. 394, 37 L. Ed. 252; *Capital City Dairy Co.* v. *Ohio* (1902), 183 U. S. 238, 22 Sup. Ct. 120, 46 L. Ed. 171.

It is contended that these statutes unlawfully abridge the privileges and immunities of appellant as a citizen of the United States, in violation of the 14th amendment to the federal Constitution. Appellant is a corporation, and not a citizen within the meaning of that term as used in this connection, and cannot invoke the benefit of this provision which was made for the protection of natural persons. *Pembina, etc., Milling Co.* v. *Pennsylvania* (1888), 125 U. S. 181, 8 Sup. Ct. 737, 31 L. Ed. 650; *Schmidt* v. *City of Indianapolis* (1907), 168 Ind. 631, 14 L. R. A. (N. S.) 787, 120 Am. St. 385.

The next insistence is that these statutes deny appellant the equal protection of the laws, and deprive it of property without due process of law, in violation of the 14th amendment, *supra.* Children under sixteen years of age are wards of the State, and are preëminently fit subjects for the protecting care of its police power. This power is an inherent attribute of sovereignty, and may be exercised to conserve and promote the safety, health, morals and general welfare of the public. The liberty and property of the individual citizens are held subject to such reasonable conditions as the State may deem necessary to impose in the exercise of this power. Such regulations and conditions will not fall within the inhibitions of the 14th amendment, unless they are palpably arbitrary, extravagant and unreasonably hurtful, and unnecessarily and unjustly interfere

with private rights. *Barbier* v. *Connolly* (1885), 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923; *Mugler* v. *Kansas* (1887), 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; *In re Kemmler* (1890), 136 U. S. 436, 10 Sup. Ct. 930, 34 L. Ed. 519; *Crowley* v. *Christensen* (1890), 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620. In the case of *Barbier* v. *Connolly, supra,* Mr. Justice Field comprehensively stated the principle applicable in the following terms: "The 14th amendment, in declaring that no state 'shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws,' undoubtedly intended not only that there should be no arbitrary deprivation of life or liberty, or arbitrary spoliation of property, but that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights; that all persons should be equally entitled to pursue their happiness and acquire and enjoy property; that they should have like access to the courts of the country for the protection of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts; that no impediment should be interposed to the pursuits of any one except as applied to the same pursuits by others under like circumstances; that no greater burdens should be laid upon one than are laid upon others in the same calling and condition, and that in the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses. But neither the amendment—broad and comprehensive as it is—nor any other amendment, was designed to interfere with the police of the state, sometimes termed its police power, to prescribe regulations to promote the health, peace, morals, education, and good order of the people, and to legislate so as to increase the industries of the state, develop its resources, and add to its wealth and prosperity. * * * Regulations for these purposes may press with more weight upon one than upon

another, but they are designed, not to impose unequal or unnecessary restrictions upon any one, but to promote, with as little individual inconvenience as possible, the general good. Though, in many respects, necessarily special in their character, they do not furnish just ground of complaint if they operate alike upon all persons and property under the same circumstances and conditions. Class legislation, discriminating against some and favoring others, is prohibited, but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment.''

The doctrine thus declared had reference to the rights of adults, and may be stated even more strongly when addressed to laws regulating the rights of minors to contract. The employment of children of tender years in mills and factories not only endangers their lives and limbs, but hinders and dwarfs their growth and development physically, mentally and morally. The State is vitally interested in its own preservation, and, looking to that end, must safeguard and protect the lives, persons, health and morals of its future citizens. Acting upon this wise and humane principle, nearly all, if not all, other states of the Union and most other enlightened governments of the world have enacted laws very simlar to our own, prohibiting the employment of young children in mines, factories and other establishments imperiling their health, lives and limbs, and at the same time affording them an opportunity to attend school, and to grow and develop in safe and wholesome surroundings free from the cares which generally engross the attention of adults in this commercial age. The validity of such laws has seldom been challenged, and, so far as our research extends, never denied. The length to which the state may go in providing measures looking toward the physical, moral and intellectual well-being of its helpless and dependent wards is a question of expedience and propriety which it is the province of the

legislature to determine. Mr. Tiedeman, speaking of this subject, says: "So far as such regulations control and limit the powers of minors to contract for labor, there has never been, and never can be any question as to their constitutionality. Minors are the wards of the Nation, and even the control of them by parents is subject to the unlimited supervisory control of the state." 1 Tiedeman, State and Fed. Const., p. 335. The statutes under consideration have a direct and appropriate relation to the end sought by the legislature in their enactment, and are in nowise an unreasonable, unnecessary or arbitrary interference with the property of appellant or with its right to make contracts. Freund, Police Powers, §259; *Bryant v. Skillman Hardware Co.* (1908), 76 N. J. L. 45, 69 Atl. 23; *State v. Shorey* (1906), 48 Ore. 396, 86 Pac. 881; *In re Spencer* (1906), 149 Cal. 396, 86 Pac. 896, 117 Am. St. 137; *Starnes v. Albion Mfg. Co.* (1908), 147 N. C. 556, 61 S. E. 525; *People v. Ewer* (1894), 141 N. Y. 129, 36 N. E. 4, 25 L. R. A. 794, 38 Am. St. 788.

It is finally claimed that article 1, §23, of the Constitution of Indiana is violated, inasmuch as these statutes are a species of class legislation. The statutes, as we have seen, forbid the employment and overworking of certain children in any manufacturing or mercantile establishment, mine, quarry, laundry, renovating works, bakery or printing office. The classification is natural, just and reasonable, and no substantial objection to its validity on this ground has been advanced. *State v. Hogreiver* (1899), 152 Ind. 652, 45 L. R. A. 504; *Barrett v. Millikan* (1901), 156 Ind. 510, 83 Am. St. 220; *Indianapolis Union R. Co. v. Houlihan* (1901), 157 Ind. 494, 54 L. R. A. 787; *In re Spencer, supra.* Our conclusion is that the statutes in question are valid, and that no error was committed in overruling appellant's demurrer to either paragraph of the complaint.

The remaining inquiry is whether the court was justified in overruling appellant's motion for judgment upon the answers of the jury to interrogatories, and its motion for a

new trial. The denial of the motion for judgment was clearly right, in view of what has already been said and what follows.

Appellant contends that the verdict is not sustained by sufficient evidence, and that the court erred in giving and in refusing to give certain instructions. In answer to interrogatories the jury found that appellee was born January 29, 1890, was employed by appellant May 6, and injured October 6, 1903. That during the two nights immediately preceding the time of receiving his injury he had worked twenty-two and one-half hours. It thus appears that he was under fourteen years of age, and the evidence warranted this finding. During an intermission in his active work he left the place he occupied when operating the furnace doors and went a distance of fifty feet or more and sat down near one of the furnaces. He was asked why he sat down there, and responded in a characteristic way as follows: "Kind of chilly that night, and I didn't have nothin' to do for that twenty minutes or so, and I sat down there, and I was so sleepy I couldn't—I don't know—I didn't go over to sit down, but I just sat down there to take a rest while they were gone—then they would go to feed ore again —I sat down to take a rest, and before I knew it I was dreaming—almost fell asleep, and I heard the cars coming, but I couldn't get up; it was just like dreaming; I tried to get up but I couldn't; I was dreaming like—so sleepy." He had sat down with his legs doubled up and his hands clasped about his knees, and said further: "I was sitting down, that is all; I know I had my feet up when I sat down, and all at once—I don't know how the car happened to get it— I saw two cars go past me, and then the third one happened —my leg was under the third one, that is all I know." Appellant's counsel insist in this connection that appellee was clearly guilty of contributory negligence, and that a new trial should have been granted.

The doctrine of contributory negligence cannot be em-

ployed to defeat the claim of a child injured in a service prohibited by statute. Appellant's counsel contend that if appellee was under age he procured the unlawful employment by falsely representing his age to be over fourteen years, and therefore he cannot avail himself of exemption from responsibility for contributory negligence, and profit by his own wrong. Appellant's timekeeper testified that when appellee applied for work he said he was over fourteen and under sixteen years of age, and thereupon was furnished a suitable blank to be filled out so as to show his exact age, and be sworn to by his mother; that appellee returned this paper, subscribed and sworn to by his mother, showing that he was born February 22, 1889, and he was then set to work. Appellee denied making any statement concerning his age, but testified that the superintendent or timekeeper furnished him a blank affidavit to be made by his mother, which he returned, but that he did not read it and had no knowledge of its contents. If appellee was in fact under fourteen years of age when he was employed, and under the evidence we think he was, then it is immaterial which of these conflicting statements is true. Appellant was positively forbidden to employ him until he was fourteen years old, and was bound, at its peril, to know that while in its service he was not within the inhibited age. If appellant were of a lawful age to be employed in such vocation he should be held accountable for his acts, and precluded from gaining any advantage over his employer by means of his own misrepresentation; but if he was within the prohibited age the application of such a doctrine would defeat the purpose of the statute. The frightful abuses and distressing consequences of the employment of children in mines and factories both in England and in this country prior to the enactment of prohibitory and regulative statutes are too well known to require extended mention. These laws were not passed primarily for the personal benefit of the individuals

abused, but in the exercise of the police power and for the welfare of the State. The State is vitally concerned that her children be not killed, maimed, stunted in growth nor enfeebled in strength at the important period of development, so as to become a public charge, and seeks to afford them an opportunity for healthy growth in wholesome surroundings, and for acquiring an education, so that they may reach majority possessed of a sound mind in a sound body, and be capable of earning an independent livelihood and of serving the State as her needs may require. It is well known that parents often connive at and compel the overworking of their children. The object of the law cannot be thwarted by the misstatement of a parent. A child seeking work, driven by necessity or the avarice of parents, might be expected to make any statement with respect to its age requisite to secure the desired employment. No such temptation to the child should be allowed, and no such premium on the perjury of the parent should be permitted, as a release of the employer from the obligations of the statute, upon a misstatement of the child's age would afford. In disposing of a similar contention the Supreme Court of Illinois, in the case of *American Car, etc., Co.* v. *Armentraut* (1905), 214 Ill. 509, 514, 73 N. E. 766, said: "This doctrine is not applicable, for the reason that the statute under consideration is aimed at the master and not at the servant. The act of the child in accepting or entering into the employment is not unlawful. Moreover, if the child's statement to the effect that he was above the age of sixteen would constitute a defense, the law could never be enforced in any case where the child was willing to make a false statement in reference to his age for the purpose of obtaining employment. The object of this statute was entirely to prevent the employment of children under the age of fourteen in the occupations named, and it should be given a construction that will effectuate that purpose, if that end

can be attained, as we think it can, without doing violence to the letter of the enactment.'' See, also, *City of New York* v. *Chelsea Jute Mills* (1904), 88 N. Y. Supp. 1085, 43 Misc. (N. Y.) 266; *Kirkham* v. *Wheeler-Osgood Co.* (1904), 39 Wash. 415, 81 Pac. 869.

The governing rule of law should not be relaxed because in this case appellee suffered only an impairment of his earning powers, instead of total disability that would have rendered him a helpless dependent upon public charity. The pecuniary compensation for injury sustained recovered in a civil action serves to prevent the sufferer from becoming an involuntary object of charity, and thus accords with the spirit and purpose of the enactment. The cases cited and relied upon in appellant's brief as declaring a contrary doctrine did not involve the violation of an express statutory prohibition. In the case of *Norfolk, etc., R. Co.* v. *Bondurant's Admr.* (1907), 107 Va. 515, 59 S. E. 1091, 15 L. R. A. (N. S.) 443, 122 Am. St. 867, the distinction is stated in the following terms: ''In the case of *Kirkham* v. *Wheeler-Osgood Co.* [1904], 39 Wash. 415, 81 Pac. 869, the railroad company had violated a positive law by employing an infant within the prohibited age, and it differs in its facts from the case before us.'' In this view of the law the instructions given to the jury, so far as they related to the second paragraph of complaint, were more favorable to appellant than it had a right to ask them to be.

Other alleged errors of minor importance have been discussed, but the disposition made of the controlling question renders their consideration unnecessary, since a right result was reached. There was no error in overruling appellant's motion for a new trial.

The judgment is affirmed.