[Crim. No. 1332. In Bank.—July 9, 1906.]

## In Re Application of J. M. SPENCER for Writ of Habeas Corpus.

CHILD LABOR ACT—PRESUMPTION OF CONSTITUTIONALITY—REASONABLE DOUBT.—The presumption is that the act of February 20, 1905, regulating the employment and hours of labor of children, and prohibiting the employment of illiterate minors and of minors under certain ages, with certain restrictions and exceptions, is constitutional and valid, unless the contrary is made to appear beyond a reasonable doubt..

ID.—DETERMINATION OF FACTS BY LEGISLATURE.—Where the constitutionality of the act is made to depend upon the existence or non-existence of some fact or state of facts, the determination thereof is primarily for the legislature, and the courts will acquiesce in its decision unless error therein clearly appears.

ID.—STATUTE NOT DISCRIMINATORY OR SPECIAL—LIMITATION OF EMPLOYMENTS—QUESTION OF FACT FOR LEGISLATURE.—The statute is not discriminatory or special because providing that no child under fourteen years of age shall be employed in any mercantile institution, office, laundry, manufactory, workshop, hotel, or apartment-house, or in the distribution or transmission of messages, without mentioning other employments. The preliminary questions as to the effect of the specified occupations on the children engaged therein, and as to the number of children engaged therein, are questions of fact for the legislature to ascertain and determine; and if any reasonable doubt exists as to the soundness of its judgment upon the existence of the facts, that doubt must be resolved in favor of the legislative action and the validity of the law.

ID.—BROADNESS OF SPECIFICATIONS.—The specifications are broad and comprehensive. A saloon is a "mercantile institution," a barber-shop is a "workshop," and ferries and railroads are engaged "in the transmission or distribution of merchandise."

ID.—PROVISO CONTAINING EXCEPTION.—The proviso of the statute con-

taining an exception as to children over twelve years of age whose parents are unable to labor from sickness, who may be permitted to labor by the judge of the juvenile court, does not contain any discrimination against orphans and abandoned children. The proviso is for the benefit of the sick parent; and if there are no parents whose necessities require the exception, the reason for the exception is wanting.

ID.—EXCEPTION AS TO VACATIONS.—The exception as to work of children over twelve years of age in vacations, upon a permit from the principal of the school attended by the child during the preceding term, is a reasonable regulation.

ID.—PROVISION AS TO CHILDREN UNDER SIXTEEN—ABILITY TO READ AND WRITE.—The provision as to the hours of labor allowed in the case of children under sixteen years, under the limitation that they can ''read English at sight and write simple English sentences,'' is not an unreasonable discrimination against illiterate children.

ID.—INDEPENDENT PROVISION.—The possible invalidity of an independent provision in the statute cannot affect the validity of other provisions therein.

APPLICATION for Writ of Habeas Corpus to J. F. Dinan, Chief of Police of the City and County of San Francisco.

The facts are stated in the opinion of the court.

W. F. Williamson, for Petitioner.

The statute violates sections 11 and 21 of article I, and section 25 (subds. 2 and 33) of article IV of the constitution of the state. Exceptions destroy the uniformity of law. (*Miller* v. *Kister*, 68 Cal. 145, 8 Pac. 813; *Ex parte Jentzsch*, 112 Cal. 470, 472, 44 Pac. 803; *City of Pasadena* v. *Stimson*, 91 Cal. 249, 251, 27 Pac. 604; *Lassen County* v. *Cone*, 72 Cal. 387, 14 Pac. 100; *Van Harrington* v. *Doyle*, 134 Cal. 57, 66 Pac. 44; *Dougherty* v. *Austin*, 94 Cal. 601, 28 Pac. 834, 29 Pac. 1092; *City of Tulare* v. *Hevren*, 126 Cal. 226, 58 Pac. 530; *Rauer* v. *Williams*, 118 Cal. 402, 50 Pac. 691; *In re Lee Sing*, 43 Fed. 359; *Jew Ho* v. *Williamson*, 103 Fed. 11; *Darcy* v. *Mayor of San Jose*, 104 Cal. 645, 38 Pac. 500; *In re Grice*, 79 Fed. 627.) The act discriminates between children of the same age and those one day above the ages fixed, makes an arbitrary classification, and is special legislation. (*People* v. *Central Pacific R. R .Co.*, 83 Cal. 405, 23 Pac. 303; *Lochner* v. *New York*, 198 U. S. 64, 25 Sup. Ct. 539; *Pasadena* v. *Stimson*, 91 Cal. 238, 251, 27 Pac. 604; *Johnson* v. *Goodyear Mining Co.*, 127 Cal. 4,

78 Am. St. Rep. 17, 59 Pac. 304; *Krause* v. *Durbrow,* 127 Cal. 681, 60 Pac. 438; *Darcy* v. *Mayor of San Jose,* 104 Cal. 645, 38 Pac. 500; *Ex parte Jentzsch,* 112 Cal. 470, 472, 44 Pac. 803; *Bruch* v. *Colombet,* 104 Cal. 347, 38 Pac. 45; *Bloss* v. *Lewis,* 109 Cal. 499, 41 Pac. 1081; *Ex parte Bohen,* 115 Cal. 372, 47 Pac. 55; *Pratt* v. *Browne,* 135 Cal. 649, 67 Pac. 1082; *Commonwealth* v. *Hamilton Mfg. Co.,* 120 Mass. 383; *Ex parte Dickey,* 144 Cal. 234, 103 Am. St. Rep. 82, 77 Pac. 924.) The act provides only for certain classes of business, and is special legislation, which destroys the validity of the entire law. (*Marsh* v. *Hanley,* 111 Cal. 368, 43 Pac. 975; *Wadsworth* v. *Union Pacific Ry. Co.,* 18 Colo. 600, 36 Am. St. Rep. 309, 33 Pac. 515, 23 L. R. A. 812; *State* v. *Walsh,* 136 Mo. 400, 37 S. W. 1112, 35 L. R. A. 231; *Attorney-General* v. *City of Detroit,* 78 Mich. 545, 18 Am. St. Rep. 458, 44 N. W. 388, 7 L. R. A. 99; Cooley on Constitutional Limitations, pp. 178, 179; *Sprague* v. *Thompson,* 118 U. S. 91, 6 Sup. Ct. 988.)

W. H. Langdon, District Attorney, R. W. Harrison, Assistant District Attorney, and John M. Ehleman, for Respondent.

The law must be upheld, unless evidently unconstitutional beyond a reasonable doubt. (Cooley on Constitutional Limitations, 4th ed. pp. 66, 220, and cases cited; *Brooks* v. *Hyde,* 37 Cal. 366.) It must be assumed that legislative discretion has been properly and reasonably exercised where the contrary does not plainly appear. (Cooley on Constitutional Limitations, p. 225, and cases cited; *Darcy* v. *Mayor of San Jose,* 104 Cal. 642, 38 Pac. 500.) The act is within the police power of the state. (*Holden* v. *Hardy,* 169 U. S. 366, 18 Sup. Ct. 383; *Lawton* v. *Steele,* 152 U. S. 133, 14 Sup. Ct. 499; Freund on Police Powers, secs. 131, 200, 259, 260, 310; *Commonwealth* v. *Hamilton Mfg. Co.,* 120 Mass. 383; *Ex parte Dickey,* 144 Cal. 241, 103 Am. St. Rep. 82, 77 Pac. 924; *Matter of Ewer,* 70 Hun, 239, 44 N. Y. Supp. 500.) It applies alike to all children of the same age in the same category, and is not classed as special legislation. (*Barbier* v. *Connolly,* 113 U. S. 27, 5 Sup. Ct. 357; Cooley on Constitutional Limitations, p. 208; *Otis* v. *Parker,* 187 U. S. 606, 23 Sup. Ct. 168; *Gundling* v. *Chicago,* 177 U. S. 183, 20 Sup. Ct. 633; *Darcy* v. *Mayor of San Jose,* 104 Cal. 642, 38 Pac. 500; *Matter of Ewer,* 70 Hun, 239, 44 N. Y. Supp. 500; *Pasadena* v. *Stimson,* 91 Cal.

251, 27 Pac. 604.) If the provision expressing certain employments be deemed invalid, that cannot vitiate the' entire law. (Cooley on Constitutional Limitations, p. 215, and cases cited; *Johnson* v. *Tautphaus*, 127 Cal. 605, 60 Pac. 172; *Cahen* v. *Wells*, 132 Cal. 447, 64 Pac. 699.)

SHAW, J.—The petitioner was arrested and confined upon a charge of violating sections 2 and 4 of the act of February 20, 1905, regulating the employment and hours of labor of children, and prohibiting the employment of illiterate minors and of minors under certain ages. (Stats. 1905, pp. 11, 14.) The return to the preliminary writ shows that the petitioner was arrested and taken into custody upon four several complaints, relating to four different children, each complaint charging him with employing a child under fourteen years of age in the workshop and boiler-room of a steamer, the child not then having a permit to work from the judge of the juvenile court of the county, and the time of such employment not being the time of the vacation of the public schools.

The second clause of section 2 of the act provides that no child under fourteen years of age shall be employed in any mercantile institution, office, laundry, manufactory, workshop, restaurant, hotel, or apartment-house, or in the distribution or transmission of merchandise or messages; provided, that upon the sworn statement of the parent that the child is over twelve years of age and that the parent or parents are unable, from sickness, to labor, the judge of the juvenile court, in his discretion, may issue a permit allowing such child to work for a specified time; and provided further, that during the time of the regular vacation of the public schools of the city or county, any child over twelve years of age may work at any of the prohibited occupations, upon a permit from the principal of the school attended by the child during the immediately preceding term. Section 4 of the act declares that a violation of any of the provisions of the act shall be a misdemeanor. The complaints charge violations of these provisions.

Several objections on constitutional grounds are made to the validity of the act. It is claimed that it is a special law for the punishment of crime, where a general law could be made applicable, and therefore contrary to subdivisions 2 and 33 of section 25 of article IV of the constitution of California; that

it is not of uniform operation, but is discriminatory, and hence in conflict with sections 11 and 21 of article I; and that it would deprive persons of the right to acquire and possess property, thus violating section 1 of article I of the state constitution and the fourteenth amendment to the constitution of the United States.

The presumption always is that an act of the legislature is constitutional, and when this depends on the existence or nonexistence of some fact, or state of facts, the determination thereof is primarily for the legislature, and the courts will acquiesce in its decision, unless the error clearly appears. (*Bourland* v. *Hildreth*, 26 Cal. 184; *University* v. *Bernard*, 57 Cal. 612; *In re Madera Irr. Dist.*, 92 Cal. 310, [37 Am. St. Rep. 106, 28 Pac. 272, 675]; *Sinking Fund Cases*, 99 U. S. 718; 1 Tiedeman on Police Power, p. 10, note; Cooley on Constitutional Limitations, 7th ed. 228.) "Every possible presumption is in favor of the validity of a statute, and this continues until the contrary is shown beyond a rational doubt. One branch of the government cannot encroach on the domain of another without danger. The safety of our institutions depends in no small degree on a strict observance of this salutary rule." (*Sinking Fund Cases*, 99 U. S. 718.) "The delicate act of declaring an act of the legislature unconstitutional and void should never be exercised unless there is a clear repugnancy between the statute and the organic law. . . . In a doubtful case the benefit of the doubt is to be given to the legislature; but it is to be remembered that the doubt to which this rule of construction refers is a reasonable doubt as distinguished from vague conjecture or misgiving." (*Bourland* v. *Hildreth*, 26 Cal. 184.)

From their tender years, immature growth, and lack of experience and knowledge, minors are more subject to injury from excessive exertion, and less capable of self-protection, than adults. They are therefore peculiarly entitled to legislative protection, and form a class to which legislation may be exclusively directed without falling under the constitutional prohibition of special legislation and unfair discrimination.

The first objection to the validity of the part of the section above stated is that it is discriminatory and special because it does not prohibit such employment of minors in all occupations, but only in those specifically mentioned; that work at

other places, of which saloons, barber-shops, railroads, ferries, and warehouses are specified by counsel as instances, would be equally injurious, and that in order to be general and uniform they should be included in the prohibition. The objection is twofold: 1. That the legislation constitutes an unfair discrimination against the particular trades mentioned; and 2. That it unduly and without reasonable cause restricts the right of minors to work at any and every occupation in which they may wish to engage. There is nothing in the act to indicate a purpose on the part of the legislature to make use of the laudable object of protecting children as a mere pretense under which to impose burdens upon some occupations or trades and favor others. It appears to have been framed in good faith and for the purpose of promoting the general welfare by protecting minors from injury by overwork and by facilitating their attendance at schools. The legislature may undoubtedly forbid the employment of children under the age of fourteen years at any regular occupation, if the interests of the children and the general welfare of society will be thereby secured and promoted. The power to forbid their employment in certain occupations and not in all, depends on the questions, whether or not any appreciable number of children are employed in the callings not forbidden, and whether or not those callings are injurious to them, or less injurious than those forbidden. If certain occupations are especially harmful to young children, and others are not so, there can be no serious doubt that it is within the power of the legislature to forbid their employment in one class and permit it in the other. The difference in the results would justify the classification with a view to the difference in the legislation. Also, if children are employed in certain occupations to their injury, and are not employed at all in others, or so infrequently that the number is inappreciable and insignificant, the occupations regularly employing them have no ground to complain of discrimination. They compose the entire class to which the legislation is directed, the class which causes the injury which is to be prevented. And upon the facts assumed, neither the children, nor the persons engaged in the occupations in which they are not employed, would be affected by the prohibition as to other occupations. The preliminary questions, as to the effect of the specified occupations on the children, and as to the number of

CXLIX Cal.—26

children engaged therein, are questions of fact for the legislature to ascertain and determine. It has determined that the facts exist to authorize the particular legislation. If any rational doubt exists as to the soundness of the legislative judgment upon the existence of the facts, that doubt must be resolved in favor of the legislative action,. and the law must accordingly be held to be valid in these respects. The specifications of forbidden callings are broad and comprehensive. Even of those which, as counsel assert, are omitted from the classification, we cannot say that a saloon is not a "mercantile institution," it being a place where merchandise is sold; nor that a barber-shop is not a "workshop," it being a place where a handicraft is carried on; nor that ferries and railroads are not engaged in the "distribution or transmission of merchandise or messages." At all events, in view of the rule that a statute must be liberally construed to the end that it may be declared constitutional rather than unconstitutional (*People v. Hayne*, 83 Cal. 117, 17 Am. St. Rep. 211, 23 Pac. 1; 26 Am. & Eng. Ency. of Law, 640), we would not give the description of forbidden occupations this narrow construction in order to make the law invalid. The decision of the legislature that the specified occupations are more injurious to children than other occupations not mentioned, and hence the subject of special regulation, and that they constitute practically all the injurious occupations in which children are employed at all, and therefore the only cases in which regulation is needed, is not so manifestly incorrect, not so beclouded with doubt concerning its accuracy, as to justify the court in declaring it unfounded and the law consequently invalid.

There is a proviso to this clause of the section, to the effect that if either parent of such child makes a sworn statement to the judge of the juvenile court of the county that the child is over twelve years of age, and that the parent or parents are unable, from sickness, to labor, such judge, in his discretion, may issue a permit allowing such child to work for a time to be specified therein. There is no force to the objection that this discriminates against orphans and abandoned children. The exception allowed by the proviso is not made for the direct benefit of the child, but for the sick parent. It is a burden put upon the child because of the special necessity of his case which justifies the different provision respecting him.

The legislature deems the necessity of allowing the child to work to aid in the support of the sick parent sufficient to outweigh the benefits which would otherwise accrue from the education and protection of the child during such inability. If there are no parents whose necessities the child's labor could alleviate, the reason for this exception is wanting. The provision seems a reasonable one in view of the conditions upon which alone it can apply.

There is a further proviso or exception, to the effect that any child over twelve years old may work at the prohibited occupations during the time of the regular vacations of the public schools of the city or county, upon a permit from the principal of the school attended by the child during the term next preceding such vacation. This does not, as counsel contends, give the principals of the public schools the exclusive power to issue the contemplated permits. Its true meaning is that the permit is to be given by the principal of the school which the child has attended, whether the school is public or private, but that it can extend only to the time of the public school vacation. This act was approved February 20, 1905. Its provisions relating to attendance upon schools, and those of section 1 of the act of March 24, 1903, (Stats. 1903, p. 388,) with the amendment of March 20, 1905, (Stats. 1905, p. 388,) to said section 1, must be considered together. The act of 1903, in effect, requires all children to attend, either the public schools or a private school, during at least five months of the time of the sessions of the public schools. The amendment of March 20, 1905, extends the time of such compulsory attendance so as to embrace the whole period of the public school session. Therefore, if the parents, guardians, or custodians of a child choose to send it to a private school, it must attend thereon at least during the time the public schools are in session. A permit may then be obtained for it to work during the vacation of the public schools, if its interests or necessities so require, without subjecting it to conditions substantially different from those affecting the children attending the public schools. There is no discrimination. The legislature has the power to make such reasonable regulations as these with respect to the time of the vacations of schools, whether public or private, in the interest of the public welfare and the welfare of the children.

The last clause of section 2 declares that no child under sixteen years of age shall work at any gainful occupation during the hours that the public schools are in session, unless such child can read English at sight and write simple English sentences, or is attending night school. The first clause of section 2 provides that no minor under sixteen shall work in any mercantile institution, office, laundry, manufacturing establishment, or workshop, between ten o'clock in the evening and six o'clock in the morning. Section 5 of the act further provides that nothing in the act is to be construed to prevent the employment of minors at agricultural, viticultural, horticultural, or domestic labor, during the time the public schools are not in session, or during other than school hours. The petitioner's contention with respect to the first and last clauses of section 2 is that they constitute such important parts of the statute that it cannot be presumed that the legislature would have adopted the other parts thereof if it had been aware of the invalidity of these particular provisions, and hence the whole act must fall. We cannot accede to this proposition. They are separable and independent provisions, and are not so important to the entire scheme as to justify us in concluding that the legislature would have refused to adopt the other parts without these, and thereby to declare the entire statute invalid.

Nor can it be conceded that these provisions are invalid. The principles already discussed apply with equal force to the first clause of the section. The proviso concerning illiterate children is a reasonable regulation to prevent those having control of such children from working them to such an extent as to hinder them from acquiring, or endeavoring to acquire, at least the beginning of an education before arriving at the age of sixteen years. The exemption of domestic labor and the several kinds of farming from the operation of the act is not an unreasonable discrimination. Such work is generally carried on at home and as a part of that general home industry which should not be too much discouraged, and it is usually under the immediate care and supervision of the parents or those occupying the place of parents, and hence is not liable to cause so much injury. These circumstances distinguish them from the prohibited industries and is a sufficient reason for the exemption.

We find no reasonable ground for declaring the law invalid. The petition is denied and the petitioner remanded to the custody of the officer.

Sloss, J., Angellotti, J., Lorigan, J., and Beatty, C. J., concurred.

McFARLAND, J., concurring.—I concur in the judgment, and in what is said by Mr. Justice Shaw in his opinion; but I do not concur in some of the quotations which he makes from other cases, and particularly in that quotation in which it is stated that the presumption in favor of the validity of a statute "continues until the contrary is shown beyond a rational doubt." This is, in my opinion, too strong a statement of the rule.