[Crim. No. 1331. In Bank.—July 9, 1906.]

## In Re Application of HENRY WEBER for Writ of Habeas Corpus.

Child Labor—Employment of Children in Dangerous or Immoral Business—Constitutionality of Code Provisions.—The provisions of sections 272 and 273 of the Penal Code, forbidding the employment of children under the age of sixteen years in dangerous or

immoral occupations, and making it a penal offense to employ such children therein, do not contain any unreasonable classification or unfair discrimination, or constitute special legislation, but are constitutional and valid.

ID.—COMPETENCY OF LEGISLATURE—CONCLUSIVENESS OF ITS JUDGMENT— DISCRETION AS TO EXCEPTIONS.—It is competent for the legislature to provide regulations for the protection of children of immature years, and the legislative judgment in regard to the proper age at which such regulations shall become applicable to the child is conclusive, and its discretion in permitting the exceptional employment of children under sixteen years as singers or musicians in churches, schools, or academies will not be interfered with by the court.

APPLICATION for Writ of Habeas Corpus to J. F. Dinan, Chief of Police of the City and County of San Francisco.

The facts are stated in the opinion of the court.

W. F. Williamson, for Petitioner.

Section 273 of the Penal Code contains an arbitrary and unreasonable classification. It forbids the employment of a child under sixteen years in dangerous or immoral business, and permits the employment of one sixteen years and one day old in dangerous and immoral business; and it is unfair in its discrimination between children under sixteen, allowing their employment in certain cases, even though it may be dangerous to health. Unfair and unjust discriminations render a penal provision invalid. (*Miller* v. *Kister*, 68 Cal. 145, 8 Pac. 813; *Ex parte Jentzsch*, 112 Cal. 470, 472, 44 Pac. 803; *Lassen County* v. *Cone*, 72 Cal. 387, 14 Pac. 100; *Van Harlingen* v. *Doyle*, 134 Cal. 53, 66 Pac. 44; *Jew Ho* v. *Williamson*, 103 Fed. 11.)

W. H. Langdon, District Attorney, R. W. Harrison, Assistant District Attorney, and John M. Ehleman, for Respondent.

Sections 272 and 273 of the Penal Code are valid and reasonable in their provisions, and the limits set by the legislature are final. (*Matter of Ewer*, 70 Hun, 239, 24 N. Y. Supp. 500; *Sanders* v. *Grant*, 70 Hun, 233, 24 N. Y. Supp. 776; *Matter of Stevens*, 70 Hun, 243, 24 N. Y. Supp. 780; *Commonwealth* v. *Hamilton Mfg. Co.*, 120 Mass. 383.)

SHAW, J.—The petitioner was arrested and confined for

an alleged violation of section 273 of the Penal Code. The return shows that he is in custody upon two separate complaints relating to different children. Each complaint charges that the defendant did willfully and unlawfully take, receive, hire, employ, and use a certain male child, naming him, under the age of sixteen years, in the business of scaling the boilers of a steamer, the said business being then and there dangerous to the life and limb of said child. The petition for a writ of *habeas corpus* is based upon the proposition that the law under which the complaint was made is unconstitutional and void. Section 273 refers to the preceding section 272, and it is necessary to state the substance at least of both sections.

Section 272, so far as material, is as follows: "Any person . . . having the care, custody, or control of any child under the age of sixteen years, who exhibits, uses, or employs, or in any manner, or under any pretense, sells, apprentices, gives away, lets out, or disposes of any such child to any person, . . . for or in any business, exhibition, or vocation, injurious to the health or dangerous to the life or limb of such child, or in or for the vocation, occupation, service, or purpose of singing, playing on musical instruments, rope or wire walking, dancing, begging, or peddling, or as a gymnast, acrobat, contortionist, or rider, in any place whatsoever, or for or in any obscene, indecent or immoral purpose, exhibition, or practice whatsoever, or for or in any mendicant or wandering business whatsoever, or who causes, procures, or encourages such child to engage therein, is guilty of a misdemeanor, . . . Nothing in this section contained applies to or affects the employment or use of any such child, as a singer or musician in any church, school or academy, or the teaching or learning of the science or practice of music; or the employment of any child as a musician at any concert or any other musical entertainment, on the written consent of the mayor of the city or president of the board of trustees of the city or town where such concert or entertainment takes place." (Stats. 1905, p. 759.)

Section 273 is as follows: "Every person who takes, receives, hires, employs, uses, exhibits, or has in custody, any child under the age, and for any of the purposes mentioned in the preceding section, is guilty of a like offense, and punishable by a like punishment as therein provided." (Stats. 1905, p. 759.)

The contention of the petitioner is that these provisions contain an arbitrary and unreasonable classification, and consequently are not of uniform operation, and that the act constitutes a special law for the punishment of crimes, where a general law could be made applicable. It is said that only a certain portion of the minor children of the state are affected by the act,—namely, those who are under sixteen years of age,— and that this is an arbitrary discrimination between those who are over that age and those who are under that age; that any child over the age may enjoy his natural privilege of working for his own support as he pleases, while those under that age are prohibited therefrom. There is no sound reason for any such criticism. The same reasoning might be applied to a large number of laws which are universally conceded to be valid and constitutional. The law providing that a male person under twenty-one years of age is a minor, subject to the legal disabilities of minority, might be rendered unconstitutional by the same process of reasoning. It is competent for the legislature to provide regulations for the protection of children of immature years. The growth of a child is gradual and the age of maturity varies with different children. It is impossible for any person to fix the exact time when a child is capable of protecting itself. The legislative judgment in regard to the proper age at which such regulations shall become applicable to the child cannot be interfered with by the courts.

It is also stated that the law makes an unfair discrimination by allowing the employment of children as singers or musicians in churches, schools, or academies. The ground of this objection is that such employment, so far as the court can see, may be as injurious to the health or morals, or as dangerous to the life or limb of the child as those which are prohibited in the law, and that no prohibition is lawful under the constitution unless it extends to all employments which are equally injurious. In matters of this kind the legislature has large discretion. It must determine the degree of injury to health or morals which the different kinds of employment inflict upon the child, and the corresponding necessity for protecting the child from the effects thereof, and unless its decision in that regard is manifestly unreasonable, there is no ground for judicial interference. We do not think the

law in question so unreasonable as to require us to hold it unconstitutional.

The petition is denied and the petitioner is remanded to the custody of the officer.

Sloss, J., Angellotti, J., Henshaw, J., McFarland, J., Lorigan, J., and Beatty, C. J., concurred.