70 Cal.App.2d Supp. 862 (1945)
THE PEOPLE, Appellant,
v.
RAYMOND A. WALTON, Respondent.
California Court of Appeals. 
Aug. 23, 1945.
 Fred N. Howser, District Attorney (Los Angeles), and Jere J. Sullivan, Deputy District Attorney, for Appellant.
 Morris Lavine and Thomas A. Law for Respondent.
 KINCAID, J.
 This appeal is by the plaintiff from the judgment of dismissal by the court as to one of the defendants, Raymond A. Walton. The motion to dismiss and the order thereon were made prior to any trial and on the sole ground that the Ordinance No. 4256, New Series, of the county of Los Angeles, commonly known as the Curfew Ordinance, is wholly unconstitutional and void. The constitutional provisions claimed as violated by the ordinance are article I, section 1, and article III, section 1, of the Constitution of California, and Amendment XIV to the United States Constitution.
 The complaint in question, in effect, charged the defendant Raymond A. Walton with a violation of said Ordinance No. [70 Cal.App.2d Supp. 864] 4256, in that, on April 7, 1945, within the county of Los Angeles, California, he did wilfully and unlawfully, while having the legal care, custody and control of Richard Walton, a minor child under the age of eighteen years, being sixteen years of age, allow and permit said child to be and remain on a named public highway between the hours of 9 p.m. and 4 a.m. the next day, said child not having then and there in his possession a permit so to do and not being then and there accompanied by a parent, guardian or other adult having the care and custody of said minor child.
 The complaint here before us is not attacked by any motion in arrest of judgment or otherwise than upon the ground of the unconstitutionality of the ordinance as previously indicated. It seems necessary, however, as Ordinance No. 4256 is an amendment only to the basic ordinance, No. 3611, dealing with the subject of "Curfew for Minors," which basic ordinance had been further substantially amended by Ordinance No. 4464, prior to the time of the commission of the alleged offense, to examine the three ordinances for the purpose of ascertaining if a criminal offense has been here properly charged.
 Ordinance No. 3611, under section 2 thereof, made it a crime for any parent, guardian, or other person having the legal care, custody, or control of any minor under the age of sixteen years to allow or permit such minor to remain, stroll upon, use, loiter on or be upon any street or public place between the hours of 9 p.m. and 4 a.m. of the following day, unless accompanied by an adult having the care and custody of such minor, or unless the minor had in his possession a permit issued by the sheriff showing the necessity of such minor to so use such street or public place. Ordinance No. 4256 had the effect of raising the applicable age of the minor from sixteen to eighteen years. Ordinance No. 4464 went into effect on or about March 30, 1945, and by this amendment the "Curfew" prohibitions were so modified as to eliminate the inhibitions against any of the included minors who "strolls upon," "uses," "or is upon" any street or public place. Acts remaining as offenses are "who remains, or loiters" upon any street, etc., or public place. This latter amendment seems to have been completely overlooked by all concerned with the trial but greatly simplifies the constitutional problem now presented to us for determination and the elimination of the [70 Cal.App.2d Supp. 865] prohibition against the included minors using, strolling or being upon any street or public place within the designated hours removes much of the basis for objections raised by the defendant as to the ordinances.
 [1] The complaint herein charges the defendant with wilfully and unlawfully allowing and permitting said minor "to be and remain on" a named public highway in violation of Ordinance No. 4256. It is thus seen that that portion "to be" is no longer chargeable as a criminal offense but must be treated for the purposes here under consideration as mere surplusage which of itself does not vitiate the complaint. (People v. Steelik (1921), 187 Cal. 361, 371 [203 P. 78]; People v. Meyer (1928), 94 Cal.App. 696, 698 [271 P. 751]; People v. Beesly (1931), 119 Cal.App. 82, 86 [6 P.2d 114, 970]; People v. Rose (1938), 26 Cal.App.2d 513, 515 [79 P.2d 737].) [2] At the same time the pleader omitted from the charging clause of the complaint the words "or loiters" which would be permissible under the amendment Ordinance No. 4464. Such an omission has no legal effect on the pleading, however, insofar as stating a cause of action is concerned, as the pleader may describe the offense either in the words of the statute or in any words sufficient to give the accused notice of the offense of which he is accused. (Pen. Code, 1426; People v. Mitchell (1940), 40 Cal.App.2d 204, 208 [104 P.2d 545]; People v. Pierce (1939), 14 Cal.2d 639 [96 P.2d 784].) The offense thus charged then is that the defendant parent did wilfully and unlawfully allow and permit his minor child to remain on a public highway in violation of the provisions of such ordinance.
 The motion to dismiss the complaint and the order granting such motion were based upon the unconstitutionality of the ordinances as a whole and including that portion specifically charged in the complaint as having been violated. Such motion and order are further made upon the theory that any legal attempt by way of the exercise of the police power to restrain or regulate the movements of minors upon, or use to be made by them of the public streets or public places between certain hours is an unlawful usurpation and breach of their constitutional rights and liberties as citizens. [3] However, the defendant is not legally privileged here to attack the unconstitutional features of curfew legislation generally, they being questions which do not concern or injure him nor have [70 Cal.App.2d Supp. 866] they operated to deprive him of any right under the federal Constitution. (Gorieb v. Fox (1926), 274 U.S. 603 [47 S.Ct. 675, 71 L.Ed. 1228]; Queensboro Farms Products v. Wickard (1943), 137 F.2d 969, 979; A. F. Estabrook Co. v. Industrial Acc. Com. (1918), 177 Cal. 767, 769 [177 P. 848].)
 [4] So far as the provisions of such ordinances do affect the defendant, we find them to be regulatory and not prohibitory. The words "remains upon" must be construed according to the context and the approved use of the language. (Pen. Code, 7, subd. 16.) Webster's New International Dictionary, 2d edition, defines the word "remain" as, "To stay behind while others withdraw"; "to tarry"; "to stay." Volume 54, Corpus Juris, 104 gives substantially the same definition. Such a provision is aimed then at preventing such minors from tarrying and staying unnecessarily upon the streets and public places, and does not restrict those minors who are using or are on such streets or places while actually in the process of going to or from places of business or amusement or otherwise.
 The question thus presented is whether, in so restricting and limiting the movements and personal privileges of such minors and in making the parent or person having legal control over the minor criminally responsible where he allows or permits such minor to violate the provisions of the ordinance, the Board of Supervisors of the County of Los Angeles has exceeded its legislative powers.
 It is the contention of the defendant that the ordinances here in question contain an arbitrary and unreasonable classification and are discriminatory in that minors over eighteen years of age and adults are excepted from their provisions. It is further argued that there is no reasonable relationship between the evil sought to be controlled and the regulatory measures enacted for such purpose and that such legislation exceeds in its scope and effect the right of such legislative body to enact the same under either the state or federal Constitution or the police power.
 [5] In construing the validity of the ordinances in question, we are guided by the well established rule as recorded in the case of Hart v. City of Beverly Hills (1938), 11 Cal.2d 343, 348 [79 P.2d 1080], where the court said: "In that regard, the formulated rule seems well established in substance, that a statute having been enacted, the presumption will be indulged not only that it was inspired by a general intention [70 Cal.App.2d Supp. 867] to add needed protection to the health, morals, or safety of the public, but that the statute would be corrective of some specific, if not specified evil;--from which significant, if not controlling influence, has been evolved the additional principle that unless the questioned legislation bears the unmistakable imprint of arbitrary or oppressive action on the part of the legislators, or some characteristic inducement closely akin thereto, the statute must be deemed to have been enacted in accordance with the implied powers of the legislative body. In other words, no presumption of invalidity of the statute will obtain; but to the contrary, every intendment will be indulged in favor of its validity. [Citing cases.]" (To the same effect see In re Spencer (1906), 149 Cal. 396, 400 [86 P. 896, 117 Am.St.Rep. 137, 9 Ann.Cas. 1105]; Jersey Maid Milk Products Co. v. Brock (1939), 13 Cal.2d 620, 636 [91 P.2d 577].) Examined in this light, we find the objections of the defendant as to the validity of the ordinances to be without merit and unfounded.
 [6] While no legal precedent arising in this state or in the federal courts construing so-called "Curfew" legislation relating to minors has come to our attention, it is well settled that minors constitute a class founded upon a natural and intrinsic distinction from adults; that legislation peculiarly applicable to them is necessary for their proper protection and when induced by rational considerations looking to that end its validity may not be challenged. (5 Cal.Jur. 199, p. 840; 15 Cal.Jur. 574; In re Spencer, supra.)
 To that end the courts have repeatedly upheld the right of legislative bodies to enact such laws. Former sections 272 and 273 of the Penal Code (now Lab. Code, 1308-1309) were upheld in the case of In re Weber (1906), 149 Cal. 392 [86 P. 809]. Under these laws parents and persons having control over minors under sixteen years of age are prohibited from causing or encouraging such minors to engage in certain businesses or to be employed at certain places. In response to the contention that such statutes were arbitrary, unreasonable in their classification, and not of uniform operation, and discriminated against those minors under sixteen in favor of those over that age, the court said: "There is no sound reason for any such criticism. The same reasoning might be applied to a large number of laws which are universally conceded to be valid and constitutional. The law providing that a male [70 Cal.App.2d Supp. 868] person under twenty-one years of age is a minor, subject to the legal disabilities of minority, might be rendered unconstitutional by the same process of reasoning. It is competent for the legislature to provide regulations for the protection of children of immature years. The growth of a child is gradual and the age of maturity varies with different children. It is impossible for any person to fix the exact time when a child is capable of protecting itself. The legislative judgment in regard to the proper age at which such regulations shall become applicable to the child cannot be interfered with by the courts." (See, also, In re Spencer, supra.)
 The right of the Legislature to enact a law requiring the uniform vaccination of school children has been upheld as being within the police power of the state. (French v. Davidson (1904), 143 Cal. 658 [77 P. 663].) As was there said (p. 662): "Police regulations generally interfere with the liberty of the citizen in one sense. To arrest a man for a breach of the peace is an interference with his liberty. It is no valid objection to a police regulation that it prevents a person from doing something that he wants to do or that he might do if it were not for the regulation. When we have determined that the act is within the police power of the state, nothing further need be said. The rest is to be left to the discretion of the law-making power. ... Nor does the fourteenth amendment, or any other part of the federal constitution, interfere with the power of the state to prescribe regulations to promote the health and general welfare of the people. 'Special burdens are often necessary for general benefits.' 'Class legislation, discriminating against some, and favoring others, is prohibited, but legislation, which in carrying out a public purpose is limited in its application, if within the sphere of its operation it affects all persons similarly situated, is not within the amendment.'"
 The right of the state to make and enforce provisions for the compulsory education of all children is clearly recognized as is the right to enact laws classifying persons by their age for the purpose of dealing with them as dependent or delinquent persons, such as the juvenile court law and laws to prevent school children from joining fraternities. (5 Cal.Jur. 842, par. 199.)
 The only case specifically dealing with a curfew law which has come to our attention is the Texas case of Ex parte McCarver (1898), 39 Tex.Cr. 448 [46 S.W. 936, 73 Am.St.Rep. [70 Cal.App.2d Supp. 869] 947, 42 L.R.A. 587]; noted in 43 C.J. 363. That dealt with an ordinance making it unlawful for any minor under twenty-one years of age to go upon the streets after 9 p. m., with certain exceptions. The court there held that such a rigid restriction of the right to go upon the streets was an undue invasion of the personal liberty of the citizen. The ordinances before us, however, do not restrict the right of the included minor to go upon the streets between the specified hours but only to remain or loiter upon such streets or places. The distinction between such terms has been previously alluded to herein. If the McCarver case can be interpreted to prevent the enactment of any regulatory curfew legislation whatsoever, which we seriously doubt, it is out of step with the great weight of authority dealing with the right of legislative bodies to pass laws properly necessary to the protection of minors.
 [7] The defendant further argues that the instant ordinances are unconstitutional and void because they unlawfully delegate to the sheriff the power to exempt persons so regulated from their inhibitions and penalties upon any grounds which he deems sufficient. Ordinance No. 3611 as now amended provides for an exception thereto as to a minor who has in his possession a permit granted by the sheriff, obtainable subject to the following conditions: "Section 3. If it is necessary for any minor under the age of eighteen years to remain or loiter upon any street, highway, avenue, alley, public park, or public place between the hour of nine o'clock P.M. of any day, and four o'clock A. M. of the following day, the parent or guardian of such minor may file with the Sheriff an application for a permit to allow such use of such streets, highways, alleys, or public places, at such times by such minor as is necessary."
 "Section 4. The application for a permit shall: (a) Be in writing. (b) State the name and age of such minor. (c) Describe the height, weight, sex, color of eyes and hair, and other physical characteristics of such person. (d) Explain the necessity which requires such minor to remain or loiter upon the streets, highways, alleys, avenues, public parks, and public places after the hour of nine o'clock P.M."
 "Section 5. After the filing of an application therefor, the sheriff may grant a permit in writing for such use of the streets, highways, alleys, avenues, parks, and public places, [70 Cal.App.2d Supp. 870] at such hours, by the minor described in the application, as in his opinion is reasonably necessary."
 It is readily apparent that the discretion so reposed in the sheriff to grant or deny such permit is not an arbitrary, unbridled or unlimited one, but is based upon grounds of reasonable necessity as shown by the facts and reasons therefor set forth in the written application. "The essential requirement of due process is merely that the administrative officer or body be required to determine the existence or nonexistence of the necessary facts before any decision is made. If the statute requires this, it does not vest an uncontrolled discretion, and the officer or body may not act arbitrarily." (People v. Globe Grain & Mill Co. (1930), 211 Cal. 121, 126 [294 P. 3].) In that case the Fish and Game Commission of California was given authority to grant a permit to take fish upon a showing that to do so would not deplete the species or result in waste, and it was held that such a discretion was not arbitrary or unguided so as to invalidate the statute. To the same effect see In re Porterfield (1944), 63 Cal.App.2d 518, 528 [147 P.2d 15], wherein the city council was given authority, after hearings, to determine the fitness of applicants for licenses to solicit for memberships in organizations, and to grant or deny such application. An ordinance prohibiting the beating of a drum within the city unless a special permit was obtained from the president of the board of trustees of the city, which permit he might grant whenever, in his judgment, the issuance of the same shall not conflict with the purposes of the ordinance was upheld in the case of In re Flaherty (1895), 105 Cal. 558 [38 P. 981, 27 L.R.A. 529]. As was there said, at page 562: "In dealing with this and similar questions--such as repairs of wooden buildings within fire limits, carrying concealed weapons, using public buildings and grounds, ringing bells on buildings where many operatives are employed, haranguing on the streets by lecturers, preachers, etc., singing or playing on musical instruments on the streets, and the like--our federal, state, and municipal governments have always recognized the practical impossibility of providing in advance for proper exceptional cases, and the necessity of giving to a public officer some discretion in the premises; and laws and ordinances based on that principle have nearly always been upheld when subjected to judicial test. Laws are not made upon the theory of the total depravity of those who are elected to administer them; and the presumption [70 Cal.App.2d Supp. 871] is that municipal officers will not use these small powers villainously and for purposes of oppression and mischief." In the case of In re Hartmann (1938), 25 Cal.App.2d 55, 60 [76 P.2d 709], the ordinance was sustained which provided for a written application to canvass the community to be filed with the chief of police which was to issue on a satisfactory showing that the applicant was entitled thereto. An authorization to refuse a license by the Real Estate Commissioner of California, if he is not satisfied as to the honesty, truthfulness and good reputation of the applicant was approved in Riley v. Chambers (1919), 181 Cal. 589, 592 [185 P. 855, 8 A.L.R. 418]. The phrase "such as he may deem necessary" was held not to confer arbitrary power in the state engineer in Tarpey v. McClure (1923), 190 Cal. 593, 601 [213 P. 983]. A like holding in McDonough v. Goodcell (1939), 13 Cal.2d 741, 746 [91 P.2d 1035, 123 A.L.R. 1205], approved the discretion left in the Insurance Commissioner to reject an application for a permit to engage in the bail bond business unless proof is submitted to him that applicant is a fit and proper person to engage in such business. (To the same general effect, see Jersey Maid Milk Products Co. v. Brock (1939), 13 Cal.2d 620, 642 [91 P.2d 577]; 18 Cal.Jur. 142, p. 840; 16 Cal.Jur. 29, p. 230.)
 The judgment and order dismissing the complaint herein as against the defendant Raymond A. Walton and discharging him are hereby reversed and the cause remanded for further proceedings.
 Shaw, P. J., and Bishop, J., concurred.